UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO. and STATE FARM FIRE &
CASUALTY CO.,

                              Plaintiffs,

-against-

EASTERN MEDICAL, P.C., MEDICAL
ACUPUNCTURE SERVICES, P.C., ROBERT
HARD, M.D., ELVIN RUIZ, M.D., JOSEPH
MORRIS A/K/A JOSEPH CAROLLO, BAYSIDE
MANAGEMENT, INC., MANAGEMENT
SERVICE ORGANIZATION, INC., LAI FAN XUE,
CHENG HE SU, LI LI ZHANG, QUN LIU, RUN
SHENG XIE, and YAN YAN YU,

                              Defendants.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

05-CV-3804 (ENV) (RML)

**VITALIANO, D.J.**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively "State Farm") object, pursuant to Fed. R. Civ. P. 72(a), to a Memorandum and Order issued by Magistrate Judge Levy in this action on August 5, 2008 (the "Order"), which granted in part the defendants' motion to compel production of documents pursuant to Fed. R. Civ. P. 37. For the reasons stated below, State Farm's objections are overruled and the Order is affirmed.

## DISCUSSION

The Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate judge's pretrial order on a nondispositive matter within 14 days of the order. Fed. R. Civ. P. 72(a). "An order is contrary to law 'when it fails to apply or

1

misapplies relevant statutes, case law, or rules of procedure.'" Rathgaber v. Town of Oyster Bay, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). More specifically, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Comverse Tech., Inc. Derivative Litig., No. 06-CV-1849, 2006 U.S. Dist. LEXIS 88261, at *7 (E.D.N.Y. Dec. 6, 2006). Generally, "magistrate judges have broad discretion to resolve nondispositive matters." Macaluso v. Keyspan Energy, 2007 U.S. Dist. LEXIS 33464 (E.D.N.Y. May 7, 2007).

The dispute at issue here is the production of State Farm's special investigation unit ("SIU") files pertaining to defendants. After defendants moved to compel under Rule 37, State Farm contended that it need not produce the documents, claiming that the files are not relevant and that they are privileged pursuant to N.Y. Ins. L. § 409(a). Defendants responded that the files are relevant to contesting whether State Farm reasonably relied on defendants' insurance claim submissions, a necessary element of State Farm's mail fraud-predicated claims under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") and claims of New York common law fraud. The Order found that the request for production of the files was reasonably calculated to lead to the discovery of admissible evidence relating to the parties' claims and defenses in this action, under Fed. R. Civ. P. 26. The Order also found that statutory immunity did not exist under § 409, and even if it did, the files would be subject to court order under § 409(e).

There is no merit to State Farm's claim that the Order is clearly erroneous or contrary to law. The SIU files are obviously relevant to this action under Rule 26. Moreover, while the Supreme Court's ruling in Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 661, 128 S. Ct. 2131, 2145 (2008), held that reasonable reliance is not an element of RICO claims predicated on mail fraud, State Farm's New York common law fraud claims still require a showing of reasonable reliance. Documents pertaining to reasonable reliance are thus still relevant to this litigation. Further, section 409 does not provide any immunity or privilege over the SIU files at issue here. The Order correctly reads § 409 to provide immunity over any communications between State Farm and the superintendent of insurance related to State Farm's SIU plan, such as the SIU plan itself, or the annual report required § 409(g). The statute does not protect any purely internal documents that were never furnished or communicated to the superintendent. Accordingly, State Farm fails to show any error in the Order, let alone an error warranting this Court's intervention under Rule 72.

## CONCLUSION

For the foregoing reasons, State Farm's objections are overruled and the Order is affirmed.

SO ORDERED.

Dated: Brooklyn, New York
January 25, 2011

ERIC N. VITALIANO
United States District Judge